David Peeples, City Attorney 205 South Redding P.O. Box 1728 West Memphis, AR 72303-1728
Dear Mr. Peeples:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that the city of West Memphis has received requests for certain records concerning administrative charges that are pending against three individuals. You indicate that there has not been an administrative resolution of these charges.
The records that have been requested are:
 • Any written report or communication from the police chief spelling out his recommendations regarding the administrative charges;
 • Any tape recordings and transcripts regarding hearings held by the chief when reviewing the administrative charges; and
 • Any written report of communication from the chief, detailing the administrative charges.
You have determined that these records are not subject to disclosure, because there has not been an administrative resolution of the pending charges.
I am directed by law to issue an opinion as to whether your determination, as the custodian of the records, regarding the release of the requested records is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B). It is my opinion that your determination is correct.
Although I have not been provided with copies of the requested records, it is clear from your description of them that they are properly classified as "employee evaluation/job performance records," within the meaning of the FOIA.
Although the FOIA does not define the phrase "employee evaluation or job performance record," and the phrase has not been judicially construed, the Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See,e.g., Ops. Att'y Gen. Nos. 2001-154; 96-132; 91-324. Because the records you have described all pertain directly to the pending charges against the three employees, they must, by definition, pertain to these individuals' performance or lack thereof on the job.
Under the FOIA, "employee evaluation/job performance records" are exempt from disclosure unless the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
Because you have stated that there has not been an administrative resolution of the charges against the three individuals, the first condition for the release of the requested records has not been met. They are therefore properly withheld from disclosure at this time.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General